1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KERI SARGENT,

                         Plaintiff,

    v.

CAROLYN W. COLVIN,

                        Defendant.

Case No. 2:16-02149-RFB-PAL

**ORDER**

(IFP App – ECF No. 1)

Plaintiff Keri Sargent has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a Complaint (ECF No. 1-2). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

I.      APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Ms. Sargent's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The Court will now review the Complaint.

II.     SCREENING THE COMPLAINT

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

1    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

2    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

3    elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

4         Federal courts have the authority dismiss a case if the action is legally "frivolous or

5    malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

6    a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   The standard for

7    determining whether a plaintiff has failed to state a claim upon which relief can be granted under

8    § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

9    claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is

10   essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d

11   578, 580 (9th Cir. 1983).  In considering whether a plaintiff has stated a valid claim, the court

12   accepts as true all material allegations in the complaint and construes them in the light most

13   favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  When a

14   court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend

15   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that

16   the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106

17   (9th Cir. 1995).

18        Here, Ms. Sargent's Complaint challenges a final decision by the Social Security

19   Administration ("SSA") pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

20   § 405(g).  *See* Compl. (ECF No. 1-2) at ¶ 1.  To state a valid benefits claim, a complaint must

21   give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

22   *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The complaint should also contain a short

23   and concise statement identifying the nature of the plaintiff's disagreement with the SSA's

24   determination and show that she is entitled to relief.  Although this showing need not be made in

25   great detail, it must be presented in sufficient detail for the court to understand the disputed

26   issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law & Prac. § 56:4.

27   / / /

28   / / /

2

### A.    Grounds for Sargent's Appeal

The Complaint seeks judicial review of the Commissioner's decision benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing.  A district court can affirm, modify, reverse, or remand a decision if Sargent has exhausted his administrative remedies and timely filed a civil action.   However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Ms. Sargent does not allege a date when she became disabled. She also does not allege whether she was denied disability insurance benefits or supplemental security income under Titles II or XVI of the Social Security Act.  However, Sargent states the nature of her disability as hypertension, personality disorder, and depressive disorder.  *See* Compl. at ¶ 4. Her medical records also include a history of other medically determinable impairments, including degenerative disc disease, hypertension, panic attacks, ankle pain, obesity, and a blood platelet disorder.  *Id*. ¶ 5.  Ms. Sargent contends there is not substantial evidence in the record to support the ALJ's findings because the decision does not account for all of her limitations and the ALJ failed to develop the record by assessing the evidence in a thorough and evenhanded manner.  *Id*. ¶ 6.  Although she did not include the alleged onset date of her disability or the type of benefits she seeks, Sargent sufficiently alleges the nature of her disagreement with the ALJ's decision.

### B.    Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies.  42 U.S.C. § 405(g); *Bass v. Social Sec. Admin*., 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  What constitutes a "final decision" is defined through agency regulations rather than statutory text.  *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

The SSA's regulations set out how a claimant obtains a final decision from the Commissioner. 20 C.F.R. § 404.900. First, an initial determination is made as to the person's eligibility or continued eligibility for benefits. 20 C.F.R. § 404.902. A notice of this initial determination is issued, in which the claimant is informed that he must request reconsideration within 60 days of receipt of the notice. 20 C.F.R. §§ 404.904, 404.909. Such reconsideration may take the form of a case review or a disability hearing, depending on what is at issue in the particular case. 20 C.F.R. § 404.913. If dissatisfied with the result of the reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an administrative law judge ("ALJ"). 20 C.F.R. §§ 404.929, 404.933. Within 60 days of an unfavorable decision by an ALJ, the claimant may apply for review by the SSA's Appeals Council. 20 C.F.R. §§ 404.967, 404.968. If the Appeals Council elects to review the claim, its decision will be final. 20 C.F.R. § 404.981. If the Appeals Council declines review, the ALJ's ruling will stand as the final decision, and the case will be ripe for judicial review. 20 C.F.R. §§ 404.981, 404.955(b).

Although review by the Appeals Council is discretionary, the claimant must still petition for review in order to receive a final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Appeals Council, there is no final decision and, as a result, no judicial review in most cases."); *see also Salfi*, 422 U.S. at 765–66 (a claimant who fails to request the Appeals Council's review has failed to exhaust administrative remedies). The Ninth Circuit has also reiterated that the ALJ's decision following the hearing does not become the SSA's final decision "until the claimant requests review by the appeals council, and the appeals council either grants or denies review." *Bass*, 872 F.2d at 833; *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (an ALJ's decision is not final "until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits").

A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the

1   notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely.

2   Additionally, under 42 U.S.C. § 405 (g), the civil action must be filed in the judicial district in

3   which the plaintiff resides.

4          In this case, the Complaint indicates that Ms. Sargent resides within the District of

5   Nevada.   *See* Compl. ¶ 2.   However, she has not sufficiently alleged she exhausted her

6   administrative remedies.  For example, Sargent does not allege that she petitioned the Appeals

7   Council for review or that the Appeals Council denied her request for review.  Although she

8   alleges that the ALJ's decision has become the Commissioner's final decision and she "has

9   exhausted all administrative remedies," *see* Compl. ¶ 8–9, that assertion alone does not indicate

10  that she requested the Appeals Council's review, the Appeals Council denied her request, or the

11  Appeals Council granted her request, in which case its decision would be final.  Additionally, the

12  Complaint does not indicate that it was timely filed because Sargent fails to allege a date she

13  received a notice of final decision by the Appeals Council.  Thus, even if Ms. Sargent had

14  exhausted her administrative remedies, the court cannot determine whether the Complaint was

15  filed outside the 60-day period to commence a civil action.  42 U.S.C. § 405(g); *see also* 20

16  C.F.R. § 404.900(b) (stating that if a claimant is dissatisfied with the SSA's decision but does not

17  take the next step within the prescribed time frame, the claimant loses his right to judicial

18  review).  For both of these reasons, there is no indication that the ALJ's decision has become the

19  final decision of the Commissioner and Ms. Sargent has failed to exhaust her administrative

20  remedies.  Because she has not satisfied these prerequisites for judicial review, the court will

21  dismiss the Complaint with leave to amend.

22         If Ms. Sargent chooses to amend, the amended complaint should state the nature of her

23  disability, when she claims she became disabled, when and how she exhausted her administrative

24  remedies, and whether she was denied disability insurance benefits or supplemental security

25  income under Titles II or XVI of the Social Security Act.  It should also contain a plain, short,

26  and concise statement identifying the nature of Ms. Sargent's disagreement with the SSA's

27  determination and show that Sargent is entitled to relief.

28         Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Keri Sargent's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the filing fee of four hundred dollars ($400.00).

2. Ms. Sargent is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint, but shall not issue summons.

4. The Complaint is DISMISSED WITH LEAVE TO AMEND. Ms. Sargent shall have until **October 26, 2016**, to file an amended complaint if she believes she can correct the noted deficiencies.

5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be dismissed.

Dated this 26th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE