UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KERI A. SARGENT, | Case No. 2:16-cv-02149-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Keri Sargent's Motion for Reversal and/or Remand, ECF No. 23, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 26. For the reasons discussed below, the Court finds that the ALJ's decision contains no legal error and is supported by substantial evidence. Therefore, the Court denies Plaintiff's Motion for Reversal and/or Remand and grants Defendant's Cross-Motion to Affirm.

## II. BACKGROUND

On October 19, 2009, Plaintiff completed an application for disability insurance benefits alleging disability since March 1, 2008. AR 99. Plaintiff was denied initially and upon administrative reconsideration. AR 99. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on April 28, 2011. AR 83, 99. At the hearing, Plaintiff amended her application to request a closed period of disability, beginning on March 1, 2008 and ending on April 1, 2010, as her condition had improved and she had returned to work part-time at the level

of substantial gainful activity. AR 85. In an opinion dated May 3, 2011, ALJ Norman L. Bennett issued a fully favorable decision finding Plaintiff disabled within the closed period from March 1, 2008 through April 1, 2010. AR 98–103.

On September 9, 2013, Plaintiff completed the instant application for disability insurance benefits alleging disability since June 11, 2013. AR 12. Plaintiff was denied initially and upon reconsideration, and she appeared before ALJ Betty Roberts Barbeito on October 22, 2015. AR 12.

The ALJ published an unfavorable decision on January 13, 2016. AR 12–26. The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 11, 2013. AR 14. At step two, the ALJ found that Plaintiff has the following severe impairments: hypertension, personality disorder, and depressive disorder. AR 14. The ALJ noted that Plaintiff also has several non-severe impairments, including obesity, which do not represent more than minimal limitations in the ability to perform basic work activities. AR 15. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 15–17. Regarding the Paragraph B criteria, the ALJ found that Plaintiff has mild restrictions in activities of daily living, moderate difficulties in social functioning, and mild difficulties with concentration, persistence or pace. AR 16. The ALJ found no evidence that Plaintiff satisfies any Paragraph C criteria. AR 16–17.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work. AR 17. The ALJ found that Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. AR 17. She found that Plaintiff frequently is able to stoop and never climb ladders, that Plaintiff must avoid exposure to vibrations, machinery, and heights, and that Plaintiff has the ability to do simple, repetitive work in a structured environment as well as complex activities. AR 17. Finally, the ALJ found that Plaintiff is limited to occasional public activity. AR 17.

Based on this RFC, the ALJ found at step four that Plaintiff was unable to perform her past relevant work as a sales representative, sales manager, or receptionist. AR 24. At the last step, the ALJ determined that Plaintiff can perform a significant number of jobs in the national economy, including occupations such as assembler, cleaner, and packing line worker. AR 25. Therefore, the ALJ concluded that Plaintiff is not disabled. AR 26.

Plaintiff requested that the Appeals Council review the decision on February 12, 2016. AR 8. The Appeals Council denied the request for review on September 26, 2016. AR 1–3.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

### IV. DISCUSSION

**A. Res Judicata Does Not Apply.**

Plaintiff first argues that the ALJ erred at step two of the analysis by failing to consider obesity to be a severe impairment. ECF No. 23 at 27–30. Plaintiff argues that pursuant to res judicata principles, because ALJ Bennett found obesity to be a severe impairment in his May 3, 2011 decision, ALJ Barbeito was bound to find the same in her January 13, 2016 decision. ECF No. 23 at 29.

Res judicata bars re-litigation of issues already decided. Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011). The doctrine applies to administrative decisions, though with less rigidity. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Stuckey v. Weinberger, 488 F.2d 904, 911 (9th Cir. 1973). However, the doctrine has no application in this context. ALJ Bennett's findings are specific to the period between March 1, 2008 and April 1, 2010, while ALJ Barbeito's findings begin with the alleged onset date of June 11, 2013. The two ALJs conducted the disability analysis within mutually exclusive time frames, and therefore no findings of fact made by ALJ Bennett bind ALJ Barbeito. See AR 97-4(9) ("[I]f the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata."). It is entirely conceivable that Plaintiff's obesity was a severe impairment limiting her ability to perform basic work activities from March 1, 2008 to April 1, 2010 but is no longer a severe impairment as of June 11, 2013. ALJ Barbeito was not bound to find otherwise, nor was she required to use the earlier finding of disability within a closed period as a reference point.

Moreover, even if the ALJ erroneously failed to include obesity at step two, Plaintiff does not identify any resultant harm. The ALJ included Plaintiff's non-severe impairments in determining her RFC, and Plaintiff does not identify any effect of her obesity on her RFC that the ALJ failed to consider. See Burch v. Barnhart, 400 F.3d 676, 682–84 (9th Cir. 2005).

Plaintiff next suggests that the disability standard differs in this case because Plaintiff elected to request a closed period of disability in 2011. ECF No. 23 at 29–30. Plaintiff argues that had she not attempted to return to work, there would have been no closed period of disability and

she would continue to be disabled as a matter of law. But at the time of the 2011 ALJ hearing, Plaintiff was engaged in substantial gainful activity as a customer service sales representative and was therefore ineligible for disability insurance benefits at step one of the analysis. AR 85, 91. The favorable ALJ decision issued May 3, 2011 specifically found Plaintiff disabled only through April 1, 2010 and did not evaluate her disability beyond that date. Moreover, ALJ Bennett favorably acknowledged Plaintiff's good work history and return to substantial gainful activity as an indicator of her credibility in reporting the disabling nature of her symptoms within the closed period. AR 102. Plaintiff's suggestion that she would continue to have disability benefits to this day absent her choice to request a closed period is unsubstantiated.

### B. The ALJ Properly Weighed Each Medical Opinion.

Plaintiff argues that ALJ Barbeito erred by rejecting her long-term treating providers. ECF No. 23 at 30. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039. When assigning weight and resolving conflicts in medical testimony, treating physicians are generally entitled to more weight than non-treating physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is well-supported by medical evidence and not inconsistent with other substantial evidence, it is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). The opinions of treating medical providers who are not considered "acceptable medical sources" are entitled to less deference than opinions of licensed physicians and other qualified specialists and may be rejected for germane reasons. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); see also 20 C.F.R. § 404.1527(f).

The ALJ permissibly declined to give controlling weight to the opinion letter provided by Plaintiff's primary care physician, Vipul Vijay Kubal, DO. AR 21–22. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). In his opinion letter, Dr. Kubal summarily opined that Plaintiff cannot work due to severe anxiety and depression. AR 421. Because this assessment is brief, conclusory, and inadequately supported, the ALJ instead reasonably credited Dr. Kubal's mental status exams over time, which

"consistently showed the claimant had some depressed mood and tearful affect, but she was alert, fully oriented, adequately groomed, calm, and cooperative, with normal speech, good memory, adequate attention and concentration, average intelligence, fair insight, and good judgment." AR 22.

The ALJ permissibly gave little weight to the opinion letter provided by Plaintiff's treating counselor Marlina Robinson. AR 21. Ms. Robinson opined that Plaintiff "cries uncontrollably, cannot concentrate, is afraid to be alone or leave her home and has sleep/appetite difficulties, sadness, severe agitation, nothing is fun, disorganization and inability to function socially, domestically or occupationally." AR 420. She reported that Plaintiff experiences panic attacks at least three times a day and "cannot carry a conversation, [ ] read or follow instructions." AR 420. The ALJ reasonably found that this opinion contradicted Ms. Robinson's treatment notes, "which showed the claimant was alert, adequately groomed, calm, and cooperative, with good eye contact, normal speech, euthymic mood, appropriate affect, optimistic and future-oriented conversation, logical stream of thought, average intelligence, fair insight, and good judgment." AR 21. The ALJ identified significant discrepancies between the report and the notes: Plaintiff cannot, for example, be incapable of carrying a conversation, yet capable of optimistic and future-oriented conversation. The ALJ therefore provided a germane reason for giving Ms. Robinson's opinion letter little weight.

The ALJ also permissibly gave little weight to a function report by treating psychotherapist Gina M. Abbeduto, M.S., LCPC. AR 22. The ALJ noted that Ms. Abbeduto's observations were internally inconsistent. AR 22. Ms. Abbeduto opined that Plaintiff had a poor ability to perform simple and repetitive tasks, yet also indicated that Plaintiff had a good ability to make decisions without immediate supervision. AR 423. The ALJ's observation of internal inconsistency, as well as inconsistency with records showing that Plaintiff has adequate memory, attention, and concentration, intelligence, and judgment, is a germane reason for giving Ms. Abbeduto's report little weight.

**C. The ALJ Did Not Mischaracterize Dr. Fabella-Hicks's Report.**

Plaintiff argues that the ALJ misleadingly and selectively quoted from the report submitted by consultative psychological examiner Verna Fabella-Hicks, PhD. ECF No. 23 at 31–32. Plaintiff argues that Dr. Fabella-Hicks's assessment conclusively precludes all work.

Plaintiff, not the ALJ, mischaracterizes Dr. Fabella-Hicks's report. Dr. Fabella-Hicks noted Plaintiff crying throughout the interview and recognized that Plaintiff's depression and anxiety cause Plaintiff difficulty with consistently understanding, remembering, and carrying out even simple one- or two-step instructions. AR 417. Yet Dr. Fabella-Hicks also observed Plaintiff's ability to adequately complete the tasks assigned throughout the evaluation and predicted that Plaintiff's prognosis would improve with continued treatment. AR 418. The ALJ therefore did not mischaracterize the report when she stated the report showed that Plaintiff had "depressed mood, tearful affect, and some impaired immediate memory" but still "was able to follow and complete multi-step tasks." AR 21.

Plaintiff does not identify what component of the RFC finding is inconsistent with Dr. Fabella-Hicks's report. The RFC includes a limitation to work in a structured environment, AR 17, which is consistent with difficulty understanding, remembering, and carrying out instructions on a sustained basis. Plaintiff argues that Dr. Fabella-Hick's finding that Plaintiff "may [ ] have difficulty" with understanding, remembering, and carrying out instructions on a sustained basis rises to the level of a "substantial loss" of Plaintiff's ability to do so, pursuant to SSR 85-15. To the contrary, Dr. Fabella-Hicks suggested the opposite when she assessed an overall fair prognosis with the expectation of further improvement. AR 418.

**D. Medical Expert Testimony Was Appropriate and Not Prejudicial.**

Plaintiff argues that it was inappropriate for the ALJ to consult a medical expert because the medical record was overwhelmingly favorable. ECF No. 23 at 4. An ALJ may obtain a medical expert's opinion when the medical evidence is contradictory, inconsistent, or confusing. HALLEX I-2-5-34. Based on the inconsistencies identified above and an overall assessment of the record, the Court finds that it was reasonable for the ALJ to seek medical expert testimony.

Plaintiff also argues that medical expert Robert J. McDevitt, MD, provided testimony at the hearing that was superfluous and misleading. ECF No. 23 at 32–33. Plaintiff asserts that Dr. McDevitt mischaracterized the reports submitted by Dr. Fabella-Hicks and Danielle T. Bello, PhD and gratuitously testified about the adverse pharmaceutical effects of BuSpar. Plaintiff's argument

///

does not relate back to any findings in the ALJ's decision, and Plaintiff demonstrates no prejudice as a result of the identified elements of Dr. McDevitt's testimony.

### E. The ALJ Did Not Err in Considering Plaintiff's GAF Scores.

Plaintiff suggests that the ALJ erroneously "rendered the GAF scores irrelevant" when the ALJ characterized them as "mere 'snapshots' of the claimant's functional abilities." ECF No. 23 at 3–4. A Global Assessment of Function ("GAF") score "is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1160 n.2 (9th Cir. 2012) (citation omitted). The ALJ did not mischaracterize the nature of a GAF score when she explained that they indicate a claimant's level of functioning at a particular time, rather than a claimant's overall functioning. Garner v. Colvin, 626 F. App'x 699, 702 (9th Cir. 2015) (noting that a single GAF score represents "a snapshot impression and not a long-term prediction of RFC"). The ALJ also correctly explained that GAF scores have no direct correlation to the Social Security mental disorders listings. Doney v. Astrue, 485 F. App'x 163, 165 (9th Cir. 2012); 65 Fed. Reg. 50746, 50764-65 (2000).

In this case, the medical record included a wide range of GAF scores recorded by various medical sources. The ALJ noted these throughout her assessment of the medical record and accorded them "some" weight. AR 19–21. Though some of Plaintiff's recorded GAF scores suggest more severe impairments than the ALJ found, the ALJ considered these GAF scores when resolving the conflicting medical evidence. Substantial evidence supports the ALJ's findings. See, e.g. Zerba v. Comm'r of Soc. Sec. Admin., 279 F. App'x 438, 439 (9th Cir. 2008) (substantial evidence in the medical record supported a determination that depression was not severe, notwithstanding a GAF score of 45).

### V.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reversal and/or Remand (ECF No. 23) is DENIED and Defendant's Cross-Motion to Affirm (ECF No. 26) is GRANTED.

/ / /

1       **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Defendant, and against Plaintiff. The Clerk of Court is instructed to close the case.

      **DATED** this 18th day of November, 2018.

                                             **RICHARD F. BOULWARE, II**
                                             **UNITED STATES DISTRICT JUDGE**